Richard J. Sherman, J.
The judgment creditor secured a judgment against the judgment debtors on April 20, 1956 in the sum of $1,455.50. The claim was based upon a promissory note for $1,100, dated September 6,1950 and payable September 6, 1953. Subpoenas in proceedings to examine the judgment debtors, dated September 7, 1956 were returnable at a Special Term of the Rensselaer County Court on October 9, 1956. These proceedings were apparently withdrawn and new subpoenas issued, returnable in the County Court of Saratoga County in which county a transcript of the judgment has been filed. There was no appearance on the part of the judgment debtors. Subsequently an order was issued out of the County Court of Saratoga County directing Albert D. Wells to show cause why he should not be punished for his contempt of court. Upon the failure of the judgment debtor, Albert D. Wells, to appear on the return date of the said order to show cause, his default was noted and he was adjudged in contempt of court and fined the sum of $1,200 together with $15 costs, making a total of $1,215 to be paid in installments of $50, commencing on October 15, 1957 and continuing twice monthly thereafter until the said total fine is paid, such sum when paid to be applied toward the satisfaction of the judgment herein.
The judgment debtor, Albert D. Wells, by his attorney, has brought two motions before the County Court of Saratoga County requesting this court to purge the judgment debtors of the contempt charged against them. It would seem as if the judgment debtors were not impressed with the dignity of this court or its position in our society. Our courts are the last stronghold of certainty, but in this particular instance the facts are not disputed and they probably would not have been brought to light on a motion to purge from contempt if it were not for the fact that the fine was not dischargeable in a bankruptcy proceeding instituted by the judgment debtors. The wrongdoer can expect nothing less than justice. He also expects compassion and understanding, but he must also realize that his abuse of understanding will only mean that compassion should only be considered to a lesser degree. . The law requires the judgment debtors to act reasonably within a certain set of facts. These facts should elicit inquiry, counsel, guidance and a search for protection under the law. Certainly in this case we see individuals who were given formal orders' and information regarding their position. They were bound to act. *127 They must have known the intent and purport of the orders served upon them. In Bessette v. Conkey Co. (194 U. S. 324, 327) it was stated, “ The purpose of contempt proceedings is to uphold the power of the court and also to secure to suitors therein the rights by it awarded.”
It has been stated that the exercise of the power to punish for contempt has a twofold purpose, the proper punishment of the guilty party for his disrespect to the court or its order, and to compel his performance of some act or duty required of him by the court, which he refuses to perform.
This court feels that the dignity not only of this court but of all other courts must be upheld. I appreciate that the collateral matter of the financial situation of the judgment debtors should be taken into some consideration but again we cannot understand why a person should be permitted to escape the letter of the law. It would set a wrong precedent. This court is sympathetic but these judgment debtors cannot hope to escape their obligations through sympathy alone. Accordingly, the two motions as consolidated are denied, but the original order adjudging the defendant, Albert D. Wells, to be in contempt of this court is hereby amended in accordance with the provisions of law, to provide that the fine be in the sum of $500 to be paid at the rate of $5 a week commencing at a time to be fixed in said order. The judgment debtor, Albert D. Wells, can pay the fine and still take care of his family.
Submit order.